## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO NUNEZ, JR., | ) | Civil Action No. 3:18-cv-165 |
| | ) | |
| Plaintiff, | ) | District Judge Kim R. Gibson |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| MARK BORSTNAR, | ) | ECF Nos. 20, 47, 51 & 53 |
| RYAN WHITACRE, | ) | |
| KEVIN TURNER, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

### I.      RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss/Motion for Summary

Judgment on the issue of exhaustion of administrative remedies filed by Defendants Mark

Borstnar, Ryan Whitacre, and Kevin Turner (ECF No. 20) be denied.  It is further recommended

that the Motion to Join Defendants and Additional Claims (ECF No. 47), Motion to Compel

Limited Discovery (ECF No. 51), and Motion for Leave to Amend (ECF No. 53) filed by

Plaintiff Fernando Nunez, Jr. be granted.

### II.      REPORT

#### A.      FACTS AND PROCEDURAL BACKGROUND

As required by *Paladino v. Newsome*, 885 F.3d 203, 210-11 (3d Cir. 2018), this Court

notified the parties that Defendants' Motion to Dismiss would be treated as a motion for

summary judgment with respect to the issue of Plaintiff's exhaustion of administrative remedies.

(ECF No. 22).  The Court held an evidentiary hearing with live testimony on August 6, 2019, at

which the pro se Plaintiff testified via video and conducted cross examination of a defense

witness.  *See* Transcript of August 6, 2019 evidentiary hearing (ECF No. 56) (hereinafter

"Transcript at ___"). The Court concluded the hearing by permitting Plaintiff to file a Response to the Motion for Summary Judgment as to Exhaustion. Likewise, Defendants were given an opportunity to file a reply. (Transcript at 42-43 & Minute Entry, ECF No. 54.) Plaintiff's Response was dated August 19, 2019 but was docketed on August 29, 2019. On September 11, 2019, Defendants notified the Court that they would not file a reply.

In his 263-paragraph Amended Complaint (ECF No. 14), Plaintiff attempts to make out the following 15 Counts for alleged violation of his federal constitutional rights and supplemental state law claims: 1) July 2, 2018 Negligent Handling of Property (destruction of property); 2) July 2, 2018 Failure to Act to Prevent Negligent Handling of Property (destruction of property); 3) July 2, 2018 Negligent Infliction of Emotional Distress (destruction of property); 4) June 26, 2018 Eighth Amendment Failure to Protect (soliciting inmate to harm Plaintiff); 5) June 26, 2018 § 1983 Conspiracy to Violate Civil Rights (failure to report threat); 6) July 2, 2018 Retaliation (destruction of property); 7) July 2, 2018 Retaliation (destruction of property); 8) July 2, 2018 First Amendment Failure to Intervene (destruction of property); 9) July 2, 2018 § 1983 Conspiracy to Violate Civil Rights (destruction of property); 10) July 3, 2018 Eighth Amendment Failure to Protect (labeling Plaintiff as a "rat"); 11) July 3, 2018 First Amendment Retaliation (destruction of property); 12) July 4, 2018 First Amendment Retaliation (phone use); 13) July 4, 2018 First Amendment Failure to Intervene (phone use); 14) July 4, 2018 § 1983 conspiracy to violate Civil Rights (phone use); and 15) July 14, 2018 First Amendment Retaliation (phone use). Woven throughout all of these counts are Plaintiff's allegations that certain named Defendant corrections officers and others were attempting to solicit inmates to assault Plaintiff.

In support of their Motion for Summary Judgment, Defendants argue that Plaintiff has failed to exhaust his administrative remedies as to all counts of the Amended Complaint because Plaintiff admits that he did not utilize the prison grievance system at DC-ADM 804 for any of the alleged occurrences.

Plaintiff responds that he did not use the prison grievance system because his administrative remedies were unavailable to him pursuant to *Rinaldi v. United States*, 904 F.3d 257, 269 (3d Cir. 2018). Plaintiff also argues that because the corrections officers' solicitation of inmates to harm Plaintiff constitutes inmate abuse, he was excused from grieving this issue pursuant to DC-ADM 001, citing *Renfro-Narduzzi v. Miller*, Civil No. 1:17-CV-2394, 2019 U.S. Dist. LEXIS 21819 (M.D. Pa. Feb. 8, 2019).

B.      LEGAL STANDARD

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, the pleadings, documents, electronically stored information, depositions, answers to interrogatories and admissions on file, together with any affidavits or declarations, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a) & (c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact; that is, the movant must show that the evidence of record is insufficient to carry the non-movant's burden of proof. *Id.* Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial*" or the factual record will be taken as presented by the

3

moving party and judgment will be entered as a matter of law.  *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis added by *Matsushita* Court).  An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty-Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In *Anderson*, the United States Supreme Court noted the following:

> [A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.  . . . [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.* at 249-50 (internal citations omitted).

    C.        ANALYSIS

## EXHAUSTION

Through the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress amended 42 U.S.C. § 1997e(a) to prohibit prisoners from bringing an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted.  Specifically, the act provides, in pertinent part, as follows:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Exhaustion is required under this provision regardless of the type of relief sought and the type of relief available through administrative procedures.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001).  In addition, the exhaustion requirement applies to all claims relating

4

to prison life which do not implicate the duration of the prisoner's sentence, including those that involve general circumstances as well as particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies prior to filing the action. *See Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").

This broad rule favoring full exhaustion admits of one, narrowly defined exception. If the actions of prison officials directly caused the inmate's procedural default on a grievance, the inmate will not be held to strict compliance with this exhaustion requirement. *See Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000) (Section 1997e(a) only requires that prisoners exhaust such administrative remedies "as are available"). The satisfaction of the *Rinaldi* factors constitutes one scenario where a prisoner's administrative remedies are deemed to be unavailable. *See Rinaldi*, 904 F.3d at 269 (a prison's grievance system will be deemed to be unavailable where a prisoner shows that the threat of retaliation was such that "it would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance," and that this "threat actually did deter [him].").

Here, Plaintiff admits that he filed no grievances during the time when the alleged violation of his rights occurred because the threat of retaliation was so great that he was deterred from filing grievances. Plaintiff further argues that because his complaints concerned inmate abuse, he was not required to exhaust pursuant to DC-ADM 804. Instead, Plaintiff contends that DC-ADM 001 controls.

DC-ADM 001 defines inmate abuse as follows:

> 1. Conduct by an employee, contractor, volunteer, or any
>    individual who has business with or uses the resources of the
>    Department that involves:
>    - a. the use of force upon an inmate;
>    - b. the improper use of force upon an inmate;
>    - c. an occurrence of an unwarranted life-threatening act
>      against an inmate; or
>    - d. an articulated verbal or written threat to inflict physical
>      injury directed toward an inmate.
> 2. Excluded from this definition are:
>    - a. conditions of confinement;
>    - b. claims of inadequate medical or intentionally denied
>      medical care;
>    - c. harassment or nonperformance of duty by a staff
>      member; and/or
>    - d. abuse by another inmate, to include sexual contact.

DC-ADM 001, Inmate Abuse Procedures Manual, Glossary of Terms (ECF No. 29-3 at 4.)

Here, Plaintiff's allegations that corrections officers solicited inmates to assault Plaintiff falls within the definition of abuse as set out in DC-ADM 001. That is, Plaintiff's complaints to DOC personnel concerned conduct by employees regarding an occurrence of an unwarranted life-threatening act against Plaintiff inmate.

DC-ADM 001 provides that an inmate or an employee may report allegations of abuse. If further provides that if any employee receives written or verbal notification from an inmate or a third party alleging an incident of abuse, or who is a witness to abuse, the employee is required to complete a report for distribution to his supervisor and the facility's Security Office. These reports must be completed prior to the employee's duty shift. Inmates who are victims of abuse should report it verbally or in writing to any staff member; or may file a grievance pursuant to DC-ADM 804; or may report it in writing to the Department's Office of Special Investigations and Intelligence (OSII). Any person with knowledge of alleged abuse should notify a staff member at the facility or to the Department's Central Office. When an allegation is received by the Central Office, it shall be referred to OSII. *See* DC-ADM 001 Policy Statement at IV. B.

through F.  The Policy Statement in DC-ADM 001 appears to allow for the reporting of inmate abuse through administrative channels that are entirely separate form the general grievance policy provided in DC-ADM 804.  *See Renfro-Narduzzi*, 2019 U.S. Dist. LEXIS 21819, at \*16; *Boyer v. Malet*, 3:CV-16-0149, 2016 WL 4679013, at \*4 (M.D. Pa. Sept. 7, 2016).

The DC-ADM 001 Procedures Manual directs that if an investigation cannot be completed within 30 business days, the Facility Manager shall notify OSII of the need for additional time, the reason for the delay, and the anticipated date of completion.  OSII is directed to complete its review of completed reports within 15 days of receipt of the report.  *See* DC-ADM 001 Procedures Manual at C. 1. f & g.  The United States Court of Appeals for the Third Circuit has indicated that an inmate must wait for the investigation to be complete before filing a complaint in federal court.  *Victor v. Lawler*, 565 F. App'x 126, 129 (3d Cir. 2014).

Here, the factual record developed at the hearing reflects that Defendants have failed to carry their burden of proof on the issue of exhaustion.  It appears that the DOC did not follow its own DC-ADM 001 procedures when various employees and DOC officials received Plaintiff's complaints of abuse as defined by its own policy.  Plaintiff alleges that he first reported the abuse to Kerri Lafferty on June 26, 2018.  Amended Complaint, ECF No. 14 ¶¶ 8-11.[1]  Thereafter, on June 27, 2018, Plaintiff reported the abuse to Superintendent Hainsworth on an inmate's request to staff form, who responded on July 5, 2018 and carbon copied her response to Captain Furman and Major Tiller.  She indicated that she would "copy security so they are aware." (ECF No. 29-1 at 2.)  On July 2, 2018, Plaintiff again directed an Inmate's Request to Staff Member form to Facility Manager Superintendent Hainsworth referencing the threats put on his life by RHU staff.  Hainsworth responded on July 5, 2018, indicating that she would copy Major Tiller on this and commenting that there is no supporting evidence that any staff put a "hit" out on him.  (ECF No.

---

[1] At the hearing, Lafferty denied that Plaintiff ever told her about the abuse.  Transcript at 14.

29-1 at 3.) She does not reference any investigation as required by DC-ADM 001.  Similarly, in

an Inmate's Request to Staff Member form dated July 2, 2018 directed to Captain Furman,

Plaintiff against references the threats on his life.  Finally, on July 8, 2018, in another Inmate's

Request to Staff Member directed to Hainsworth, Plaintiff specifically requests that Hainsworth

have OSII, in Central Office, investigate these threats and separate Plaintiff from RHU staff.

The form does not reflect a response from Hainsworth.  The record does not reflect that OSII

conducted its required investigation pursuant to DC-ADM 001.  The Defendants, therefore, are

not entitled to summary judgment on the ground that Plaintiff failed to exhaust his administrative

remedies.  Those remedies became unavailable when Defendants refused to follow their own

procedures as set out in DC-ADM 001.[2]  Therefore, it is respectfully recommended that

Defendants' Motion for Summary Judgment on the issue of exhaustion be denied.

MOTION TO COMPEL LIMITED DISCOVERY (ECF NO. 51)

As discussed at the evidentiary hearing, the Court noted that if it denied Defendants'

Motion for Summary Judgment on the issue of exhaustion, Defendants will provide Plaintiff's

ICARs from September 1, 2018 through December 31, 2018.  (Transcript at 6-7 & Minute Entry,

ECF No. 54.)  Therefore, if this Report and Recommendation is adopted by the District Judge, it

is respectfully recommended that the Motion to Compel be granted and the specified ICARs be

produced to Plaintiff.

MOTION FOR LEAVE TO AMEND (ECF NO. 53) and MOTION TO JOIN DEFENDANTS
AND ADDITIONAL CLAIMS (ECF NO. 47)

The Court further noted at the evidentiary hearing that it would rule on Plaintiff's

Motions to Amend (ECF No. 53) and to Join Additional Defendants and Claims (ECF No. 47)

after the Court addresses the current Motion for Summary Judgment.  (Transcript at 7 & Minute

---

[2] Although the Court believes that Plaintiff also satisfies the *Rinaldi* factors, the Court will not undertake that analysis in light of its discussion of DC-ADM 001.  *See Rinaldi*, 904 F.3d at 269.

Entry, ECF No. 54.) If this Report and Recommendation is adopted by the District Judge, it is respectfully recommended that the District Court order the Clerk of Court to docket the proposed Second Amended Complaint (ECF No. 53-1) in the interest of justice pursuant to Federal Rule of Civil Procedure 15(a)(2). Plaintiff seeks to join Kerri Lafferty, Melissa Hainsworth, Captain Furman, and John L. Tiller as additional defendants. As discussed above, these individuals were allegedly involved in the occurrences giving rise to this civil action. *See* Fed. R. Civ. P. 20(a)(2)(A) & (B) (permissive joinder of parties); Fed. R. Civ. P. 18 (a) (joinder of claims).

### III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that the Motion to Dismiss/Motion for Summary Judgment on the issue of exhaustion of administrative remedies filed by Defendants Mark Borstnar, Ryan Whitacre, and Kevin Turner (ECF No. 20) be denied. It is further recommended that the Motion to Join Defendants and Additional Claims (ECF No. 47), Motion to Compel Limited Discovery (ECF No. 51), and Motion for Leave to Amend (ECF No. 53) filed by Plaintiff Fernando Nunez, Jr. be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto, and unregistered ECF users are given an additional three (3) days pursuant to Federal Rule of Civil Procedure 6(d). Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: September 12, 2019

BY THE COURT

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge


cc:    Fernando Nunez, Jr.
       FM-8959
       SCI Mahanoy
       301 Morea Road
       Frackville, PA 17932